## CHEVERS v. DAMON et al.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

COSTS OF PUBLICATION—WHEN ALLOWED.

    In an action to foreclose a mortgage, it appeared that after the mortgage was recorded a judgment was docketed against the mortgagor in favor of J., S., and W., but the docket entries did not designate them as partners. They were made defendants in the foreclosure suit, and personal service was had on W., and J. and S. were served by publication. *Held,* that since proof of a copartnership between defendants J., S., and W. was necessary in order that personal service on one of them should give the court jurisdiction as to all, the publication was properly made, and plaintiff was entitled to tax the same in his bill of costs.

Appeal from special term, Westchester county.

Action by Julia F. Chevers against Carrie M. Damon and others to foreclose a mortgage. After the mortgage was recorded defendants John Clark, Stewart Clark, and William Clark obtained judgments against the mortgagor, which were duly docketed. Said defendants were made defendants in the action for foreclosure, personal service was had on William Clark, and the other two were served by publication. Defendants William Clark and William K. Clare object to the allowance of the cost of such publication, on the ground that the Clarks were copartners, that the judgments were recovered by the firm, and that consequently personal service on one was sufficient to give the court jurisdiction as to all the members of the firm. The docket entries showed judgments in favor of John Clark, Stewart Clark, and William Clark, without designating them as partners. The costs of the publication were allowed to plaintiff, and defendants William Clark and William K. Clare appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Charles B. Meyer,* for appellants. *Jarvis W. Mason,* for respondent.

PRATT, J. The judgments recovered by the members of the firm of Clark & Bro. would not necessarily show that a partnership existed between them. They were all proper parties to the foreclosure. *Prima facie* they were necessary parties. A service upon one only of them would not suffice to extinguish the rights of the others, without the aid of extrinsic proof. The plaintiff's attorney applied to appellants to voluntarily appear in the action for the absent defendants. When that request was refused the plaintiff was entirely in his right in publishing the summons to bring them in. The appellants are in error in their contention that there has been no "settlement" of the action. The plaintiff has received his money. If he has not discharged the cause of action, it is because, at the instance of appellants, the plaintiff was required to assign the cause of action. We think that is a settlement of the action, within the meaning of the statute. The taxation was right, and the order appealed from is affirmed, with $10 costs and disbursements.